UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>- v. -<br><br>RAJAHSHUWEH RHODES,<br><br>                    Defendant. | **Protective Order**<br><br>**24 CR 579 (DEH)** |

Upon the application of the United States of America, with the consent of the undersigned defense counsel, and the defendant having requested discovery and other disclosures under the Federal Rules of Criminal Procedure and otherwise, the Court hereby finds and orders as follows:

1. **Disclosure Material.** The Government has made and will make disclosure to the defendant of documents, objects, and information, including electronically stored information ("ESI"), pursuant to the Federal Rules of Criminal Procedure, including as discovery under Federal Rule of Criminal Procedure 16(a), 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material." The Government's disclosure material may include material that (i) affects the privacy and confidentiality of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged crimes and individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; and (iv) is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without the need for substantial

redaction and minimize any related litigation. It will also afford the defense prompt access to those materials, in substantially unredacted form, which will facilitate the preparation of the defense.

3. **Good Cause.** There is good cause for entry of the protective order set forth herein.

4. **Accordingly, It Is Hereby Ordered:**

    a. Disclosure material, including information obtained or derived from disclosure material, shall not be disclosed by the defendant or defense counsel, including any successor counsel ("the defense"), other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any disclosure material on any internet site or network site to which persons other than the parties hereto have access and shall not disclose any disclosure material to the media or any third party except as set forth below.

    b. Disclosure material may be disclosed by the defense to: (a) personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel or appointed under the Criminal Justice Act, 18 U.S.C. § 3006A ("CJA"), to assist defense counsel in representing the defendant, as needed for purposes of defending this action; and (b) prospective witnesses for purposes of defending this action.

    c. The Government may authorize, in writing, disclosure of disclosure material beyond that otherwise permitted by this Order without further Order of this Court. At any time, defense counsel may request from the Government such authorization, in writing, for disclosure of disclosure material beyond that otherwise permitted by this Order. The Government will promptly review any such request and either provide authorization, in writing, for the sought disclosure of disclosure material or provide defense counsel with an explanation, in writing, as to why the sought disclosure of disclosure material cannot occur at that time.

    d. This Order does not prevent the disclosure of any disclosure material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action.  However, disclosure material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court.  All filings should comply with the privacy protection provisions of Federal Rule of Criminal Procedure 49.1.

    e. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has seized, pursuant to warrants issued during the course of the investigation underlying this case or otherwise, from one or more computer devices.  With the consent of the undersigned defense counsel, the Government is authorized to disclose the entirety of such seized ESI as the Government believes may contain disclosure material, the entirety of which will constitute disclosure material.

    f. The defense shall provide a copy of this Order to all persons to whom the defense has disclosed disclosure material.  All such persons shall be subject to the terms of this Order.  Defense counsel shall maintain a record of what disclosure materials have been disclosed to which such persons beyond personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by defense counsel, as needed for purposes of defending this action.

      g. The provisions of this Order shall not terminate at the conclusion of the case, and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

    DAMIAN WILLIAMS
    United States Attorney

By: *Thomas John Wright*                    Date: November 8, 2024
    THOMAS JOHN WRIGHT
    Assistant United States Attorneys
    (212) 637-2295

_____      Date: 11.21.2024
    JEFFREY G. PITTELL
    Counsel for Defendant Rajahshuweh Rhodes

SO ORDERED:

Dated: New York, New York

      November 26, 2024             _____
                                                                    THE HONORABLE DALE E. HO
                                                                    UNITED STATES DISTRICT JUDGE

The Clerk of Court is respectfully requested to close ECF No. 17.